UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHAQUON RASHAWN JOHNSON,

    Plaintiff,

v.                                Case No. 3:23-cv-802-MMH-JBT

RICKY D. DIXON, et al.,

    Defendants.

### ORDER

Before the Court is Plaintiff Shaquon RaShawn Johnson's Motion for a Temporary Restraining Order and Preliminary Injunction (TRO Motion; Doc. 2), Memorandum of Law (Pl. Memo; Doc. 2-1), and Proposed Order to Show Cause (Doc. 2-2), all of which Johnson filed with a Civil Rights Complaint Form (Doc. 1), a Motion for Court's Assistance (Doc. 3), and a Motion for the Appointment of Counsel.[1] In the TRO Motion, Johnson asserts corrections officials at Florida State Prison have subjected him to cruel and unusual

---

[1] Johnson has not paid the filing fee or filed a motion to proceed as a pauper. However, in his Motion for Court's Assistance (Doc. 3), he expresses his intent to pay the filing fee and asks the Court to enter an order directing a prison official to charge his inmate account $402.00. He also asks the Court to send him copies of his filings and to serve his Complaint on Defendants.

punishment by spraying him with chemical agents, temporarily stripping him of all property including bedding, and depriving him of food. TRO Motion at 1; Pl. Memo at 1-3. He contends he is "suffering irrepa[ra]ble harm in the form of physical, mental, and emotional pain," and supervisory officials have failed to protect him or investigate. TRO Motion at 2; Pl. Memo at 2-3.

With respect to the denial of food, Johnson asserts "[d]efendants . . . depriv[ed] him of his food for twenty fours hours on numerous occasions." Pl. Memo at 4.[2] He does not say when the food deprivation occurred, see id., but in his Complaint, he alleges Officer Wendroff, on June 15, 2023, ordered other officers not to feed him, and Officers Tanner, Palmer, Howard, and Hunt did not feed him certain meals on June 22, 2023, June 24, 2023, June 25, 2023, June 28, 2023, and June 29, 2023. Doc. 1 at 25, 27, 28, 33, 35. Johnson seeks an order directing prison officials to place him "on a protective management status to prevent [him from] being subjected to further cruel or inhumane treatment." Pl. Memo at 2-1. See also Doc. 2-2.

The Court is of the opinion that injunctive relief is not warranted.

> A preliminary injunction is an "extraordinary and drastic remedy." McDonald's Corp. v. Robertson,

---

[2] In light of Johnson's assertion of food deprivation, in an abundance of caution, the Clerk of Court sent a copy of Johnson's Motion (Doc. 2) and the Court's Amended Standing Order (Doc. 5) that is entered when an inmate makes a claim of suicidal intent or other imminent physical harm to the Inspector General and to the Warden of Johnson's institution.

2

> 147 F.3d 1301, 1306 (11th Cir. 1998) (quoting <u>All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.</u>, 887 F.2d 1535, 1537 (11th Cir. 1989)). To secure an injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. <u>Id.</u>

<u>Citizens for Police Accountability Political Comm. v. Browning</u>, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam); <u>Keister v. Bell</u>, 879 F.3d 1282, 1287-88 (11th Cir. 2018). The movant must clearly establish the burden of persuasion as to the four requisites. <u>See</u> <u>McDonald's Corp. v. Robertson</u>, 147 F.3d 1301, 1306 (11th Cir. 1998). Johnson has failed to carry his burden. Therefore, his request is due to be denied.

Further, district courts generally will not interfere in matters of prison administration, including an inmate's custody status or location of confinement because "the decision where to house inmates is at the core of prison administrators' expertise." <u>See</u> <u>McKune v. Lile</u>, 536 U.S. 24, 39 (2002). <u>See also</u> <u>Barfield v. Brierton</u>, 883 F.2d 923, 936 (11th Cir. 1989) (citing <u>Meachum v. Fano</u>, 427 U.S. 215 (1976)) ("[I]nmates usually possess no constitutional right to be housed at one prison over another.").

Therefore, it is now

**ORDERED:**

1. Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 2) is **DENIED**.

2. Plaintiff's Motion for Court's Assistance (Doc. 3) is **GRANTED in part** only to the extent that Plaintiff is directed to pay the filing fee within the time set forth in the Court's July 12, 2023 Order (Notice to Pro Se Litigant; Doc. 6). In all other respects, the Motion is **DENIED**. If Plaintiff pays the filing fee, the Court then will assess whether the Complaint states a plausible claim for relief such that it may be served on Defendants. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Plaintiff is advised that any request for copies must be accompanied by the appropriate payment. The cost for photocopies is $.50 per page.

3. Plaintiff's Motion for the Appointment of Counsel (Doc. 4) is **DENIED without prejudice**. Plaintiff is not proceeding as a pauper. *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (explaining a court may exercise its discretion to appoint counsel for an indigent plaintiff who is proceeding in forma pauperis under 28 U.S.C. § 1915(e)(1)).

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of July, 2023.

*[signature: Marcia Morales Howard]*

MARCIA MORALES HOWARD
United States District Judge

Jax-6
c:    Shaquon RaShawn Johnson, #C07844