UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHAQUON R. JOHNSON,

        Plaintiff,

v.    Case No. 3:23-cv-802-MMH-SJH

C. NEEL, et al.,

        Defendants.

_____

## ORDER OF DISMISSAL WTHOUT PREJUDICE

    Plaintiff, Shaquon R. Johnson, initiated this action by filing a pro se Complaint for Violation of Civil Rights (Doc. 1) against nineteen Defendants alleging claims of excessive force, deliberate indifference, due process violations, and retaliation based on events occurring over several months. Johnson requested leave to file an amended complaint, which the Court granted. Docs. 13, 15. In its order, the Court advised Johnson that he may only set forth related claims and that liability under § 1983 may not be premised under a theory of vicarious liability. See First Order to Amend (Doc. 15). Johnson filed an Amended Complaint on October 16, 2023. Amended Complaint (Doc. 17).

    Because Johnson again raised several unrelated claims involving allegations and events that occurred on different days, this Court directed Johnson to file a second amended complaint. See Second Order to Amend (Doc.

19). In doing so, the Court again advised Johnson that he "must focus on one claim or related claims," and "explain how each named Defendant violated his rights and injured him." Id. at 3. The Court further provided guidance regarding substantive issues raised by his claims. Id. at 3–5. And, the Court cautioned Johnson that his failure to comply with the Court's order "may result in the dismissal of this case, some claims, or some Defendants." Id. at 6.

Before the Court is Johnson's Second Amended Complaint. See SAC (Doc. 23). Johnson names twenty individuals as defendants, including Ron DeSantis, governor of Florida, as well as nineteen Florida Department of Corrections (FDOC) officers and employees: Lieutenant D. Wendroff; Grievance Coordinator L. Thompson; Grievance Coordinator A. McGregor; Classification Officer L. Owens; Correctional Officer A. Palmer; Classification Officer A. Rewis; Lieutenant J. Hunt; Programs Officer Howard; Correctional Officer Tanner; Classification Officer R. Brooks; Sergeant V. Gaetano; Secretary's Representative C. Neel; Former Warden of Florida State Prison (FSP) D. Davis; Warden of FSP D. Allen; Lieutenant A. Winningham; Classification Officer H. Moss; Captain J. Bieghley, former Captain at FSP; Correctional Officer D. Glover; and Sergeant B. Jay. Id. at 2–3, 12–14.

Upon review of the SAC, the Court finds that it largely suffers from the same deficiencies that the Court identified in its prior Orders. Notably,

2

Johnson still joins multiple, unrelated claims spanning a period from April 17, 2023, to November 9, 2023, and he includes non-cognizable or non-viable allegations regarding supervisory liability, the denial of grievances, and property deprivation.

Under Rule 41(b) Federal Rules of Civil Procedure (Rule(s)), a district court has discretion to dismiss a pro se plaintiff's action for his failure to comply with court rules or a court order. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). While "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), pro se litigants still must conform to procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). As such, when a pro se plaintiff fails to comply with a court's order or rules, the court may sua sponte dismiss a case under Rule 41(b). See Powell v. Harris, 628 F. App'x 679, 680 (11th Cir. 2015)[1] (per curiam)

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

(holding the district court did not abuse its discretion dismissing the case without prejudice for the plaintiff's noncompliance with the court's instructions to file a proper complaint); Duong Thanh Ho v. Costello, 757 F. App'x 912, 914–15 (11th Cir. 2018) (affirming the district court's dismissal without prejudice for the pro se plaintiff's failure to comply with the court's order to amend).

Specifically, a district court may properly dismiss an action if a pro se plaintiff does not comply with an order directing him to specify why or how joinder of claims is permissible under Rule 20. Foudy v. Indian River Cnty., Sheriff's Office, 845 F.3d 1117, 1125–26 (11th Cir. 2017) (explaining the plaintiffs filed "substantially similar complaints" after the district court "clearly instructed" them to "explain their grounds for joinder"). Multiple claims against different defendants "arising out of different events [that] occur[ed] on different dates" may not be joined under Rule 20 if a plaintiff alleges only a conclusory, superficial similarity between the events. See Smith v. Owens, 625 F. App'x 924, 928–29 (11th Cir. 2015) (per curiam).

After consideration, Johnson's SAC is due to be dismissed for his failure to comply with the Court's Orders to amend and federal pleading standards. The Court outlined the deficiencies in Johnson's prior complaints and instructed him how to cure the deficiencies. See Docs. 15; 19. Despite the Court's instructions and two opportunities to remedy the issues, Johnson failed

4

to comply with the Court's instructions. Indeed, Johnson again improperly joins multiple, unrelated claims for alleged violations that have no logical relationship in the SAC. From what the Court can decipher, Johnson tries to allege claims of due process, property deprivation, deliberate indifference to conditions of confinement, failure to protect, excessive force, and retaliation, based on actions allegedly taken on various dates over the course of several months. See generally SAC. Johnson further includes twenty of the twenty-four defendants he included in his Amended Complaint, and one more than he included in his initial Complaint. See SAC at 2–3, 12–14. The events on which he bases these claims have little to no factual overlap. Further, any attempt to provide the relationship through vague and conclusory allegations of retaliation is insufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Johnson also raises claims that are not cognizable and not viable for the reasons outlined in the prior Orders.

Also, as noted in the Court's prior Orders, Johnson fails to clearly articulate how each Defendant's actions support or relate to his alleged constitutional claims, and Defendants would be "hard-pressed to understand 'the grounds upon which each claim [against him] rests.'" See Barmapov v. Amuial, 986 F.3d 1321, 1324 (11th Cir. 2021). The Court will not expend its scarce judicial resources to search through Johnson's SAC to differentiate the

5

legally-related, cognizable claims from those that are not. Id. at 1328 (Tjoflat, J., concurring) ("[D]istrict courts are flatly forbidden from scouring shotgun complaints to craft a potentially viable claim for a plaintiff."). Accordingly, the Court finds Johnson's SAC is due to be dismissed without prejudice under Rule 41(b) subject to Johnson's right to initiate a new action to pursue any cognizable claims in separate actions or in a single action if those claims can properly be joined under Rule 20.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. This case is **DISMISSED without prejudice**.

2. The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of September, 2025.

MARCIA MORALES HOWARD
United States District Judge

JaxP-12
C: Shaquon Johnson, C07844